UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 1:19-cr-00171-LEW |
| BRIAN SAUNDERS, | ) ) ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION FOR RETURN OF PROPERTY

Defendant Brian Saunders is currently incarcerated, and he filed a Motion for Return of Property (ECF No. 1181), requesting the return of his personal property that was seized by law enforcement. I previously reserved ruling on Saunders's Motion so that the parties could file evidence about what law enforcement seized from Saunders. *See* Order on Def.'s Mot. for Return of Property (ECF No. 1207) at 7. With the benefit of the Government's proffered evidence, I can now make factual findings and rule on Saunders's Motion. *See* Gov't's Suppl. Mem. in Resp. to Def.'s Mot. (ECF No. 1211). Because the Government has demonstrated that Saunders abandoned the property that he now seeks to recover, his Motion is DENIED; but, nevertheless and as described below, the Government has begun the process of returning some of Saunders's abandoned property.

### BACKGROUND

Having reviewed the Government's exhibits, I make the following findings of fact. On August 12, 2019, Saunders was driving a Ford Mustang convertible southbound on Interstate 95 when he approached a Border Patrol checkpoint near Sherman, Maine.

Saunders spoke with a Border Patrol Agent, who observed that Saunders was nervous and struggling to drive. A few minutes later, an individual reported to this Border Patrol Agent that a man in a Mustang threw a bag out of the car. Agents found the bag and discovered that it contained $24,540. Border Patrol Agents found the Mustang abandoned with its engine running on I-95 south of the checkpoint. One Border Patrol Agent found a baseball cap on the side of the interstate near where the individual said that the bag was tossed from the Mustang. There was another bag found on the side of the road that contained the following items: five small bags of white crystals that appeared to be methamphetamine; a bag of white powder; a cylinder package inside a tied condom; three cellphones; a power pack; keys; a scale; two vehicle titles, one of which was for the abandoned 2006 Ford Mustang; and a bill of sale for the Ford Mustang. Agents found $4,540 and a wallet with a Maine identification card belonging to Saunders inside the vehicle. The cash and Mustang have been administratively forfeited to the United States. Subsequent laboratory testing confirmed that the backpack contained bags of methamphetamine.

    Border Patrol Agents secured the Mustang, drug evidence, electronics, documents, and the currency. In August 2019, Drug Enforcement Administration ("DEA") Task Force Officers took custody of a canvas bag, a brown wallet with visible cash and Saunders's identification card, three cellphones, multiple sandwich bags of a white material, and a cylindrical item with suspected illegal drugs. DEA Agents later confirmed that the items obtained from the Border Patrol Agents included a blue Nike drawstring bag with cash and a brown wallet containing cash, Saunders's driver's license, and his social security card. When DEA Task Force Officers examined the Mustang, they found red sneakers, a

cranberry orange muffin from Rob's Pit Stop in Presque Isle, a vehicle registration, a cigarette box, a wristwatch, and a bottle of Aqua Di Gio.

In September 2019, a federal grand jury returned a two-count indictment against Saunders and sixteen other defendants who were all charged in Count One with Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846, 841(a)(1). In December 2020, Saunders pleaded guilty to Count One, and he was sentenced to 155 months' incarceration to be followed by three years of supervised release.

After Saunders filed this Motion, the Government conferred with the federal agencies involved in this case, and the Government represents that the DEA is in possession of the empty Nike bag; three cellphones; a brown wallet containing Saunders's Maine driver's license, his social security card, and miscellaneous business cards. The Government sent Saunders a letter on June 10, 2024, explaining that he may designate someone to retrieve those items on his behalf, and that once Saunders does that, the Government intends to return the items. The Government also recently learned that Border Patrol has the title and bill of sale for the Ford Mustang, and Border Patrol has agreed to return those items if Saunders designates someone to retrieve them. The Government explains that the other items were likely treated as abandoned property and destroyed, and it has been unable to obtain logs or reports explaining what exactly happened to these items.

## DISCUSSION

The First Circuit has explained that "post-conviction Rule 41(g) motion[s]" "are to be treated as civil complaints for equitable relief." *United States v. Uribe-Londono*, 238

F. App'x 628, 630 (1st Cir. 2007) (per curiam) (citing *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995) (per curiam)).[1]

>Under Federal Rule of Criminal Procedure 41(g):
>
>A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

"Once seized property is no longer needed as evidence, a criminal defendant is presumed to have the right to its return." *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007). Where, as here, a defendant files a motion for the return of property "after the termination of criminal proceedings," it "is the *government's* burden" "to demonstrate that return of the property is not warranted." *Pérez-Colón v. Camacho*, 206 F. App'x 1, 3 (1st Cir. 2006) (per curiam). A Rule 41(g) motion should be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *United States v. Cardona-Sandoval*, 518 F.3d 13, 15 (1st Cir. 2008) (per curiam) (quoting *Pierre*, 484 F.3d at 87).

---

[1] I have jurisdiction to rule on this motion. *See United States v. Restrepo Contreras*, 330 F. Supp. 2d 72, 73 (D.P.R. 2004) ("The Court has ancillary jurisdiction to decide a post-trial motion for the return of seized property like this one." (citing *Soviero v. United States*, 967 F.2d 791, 792–93 (2d Cir. 1992))); *see also Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (explaining that because the defendant's "criminal case had concluded, the [district] court properly construed [the defendant's Rule 41(g) motion] as a civil complaint under the court's general equity jurisdiction under 28 U.S.C. § 1331."); *Giraldo*, 45 F.3d at 511.

The Government asks that I deny Saunders's Motion as moot because it will voluntarily return the items within the possession of the DEA and Border Patrol to Saunders's designee. As for the other items that were likely destroyed, the Government argues that Saunders abandoned those items, so he is not entitled to relief. The Government observes that Saunders also abandoned the items within the possession of DEA and Border Patrol, but the Government and those agencies do not object to returning those items.

This matter "under Rule 41(g) is not moot simply because the government states that it is '*prepared to initiate*' the return of the property." *United States v. Nelson*, 190 F. App'x 712, 714 (10th Cir. 2006). While the Government "expresses a willingness to return the property, it has not actually done so." *Id.* (citing *F.E.R. v. Valdez*, 58 F.3d 1530, 1534 (10th Cir. 1995) (explaining that a § 1983 claim was moot when the Government "returned the files" (10th Cir. 1995))). Because the Government still possesses some of the property that Saunders is requesting be returned to him, this matter is not moot.

Nonetheless, the Government's argument about abandonment resolves this matter. The Government has demonstrated that Saunders "is not entitled to lawful possession of the seized property," *Cardona-Sandoval*, 518 F.3d at 15 (quoting *Pierre*, 484 F.3d at 87), because he abandoned his proprietary interest in the property that he now requests be returned to him, *Phinney v. Gardner*, 115 A. 523, 524 (Me. 1921) (explaining that abandonment entails the voluntary relinquishment of ownership). By voluntarily leaving his backpack, bag, and Mustang, containing several items, alongside I-95, Saunders has abandoned any proprietary interest in those objects. *United States v. Quintana-Grijalva*, 332 F. App'x 487, 492 (10th Cir. 2009) (concluding, in the context of the Fourth

5

Amendment, that the defendant abandoned his vehicle and the contents therein "when he fled from the truck").

## CONCLUSION

Because the Government has demonstrated that Saunders abandoned the property that he now seeks the return of, his Motion for Return of Property (ECF No. 1181) is **DENIED**.  For Saunders's benefit, I observe that my ruling does not restrict his ability to recover the property within possession of the DEA and the Border Patrol because the Government is willing to return the items within those agencies' custody.  Saunders should follow the process identified by the Government if he would like those items returned. SO ORDERED.

Dated this 2nd day of July, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge